IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

    Plaintiff,

v.   Case No. 1:12-cv-44-MP-GRJ

OFFICER TRUDELL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was filed on February 23, 2012 and is presently before the Court because the Plaintiff has not paid the filing fee or filed a motion to proceed *in forma pauperis* and has failed to file an amended complaint as directed by the Court.  Despite Plaintiff having been granted several opportunities to cure these deficiencies and to prosecute this case, Plaintiff has failed to comply with the Court's previous orders and has failed to advance this case.  Accordingly, for the reasons explained below, the case should be dismissed.

## DISCUSSION

Plaintiff filed his initial complaint in this Court on February 23, 2012 on a blank sheet of paper instead of on the Court's civil rights complaint form.  (Doc. 1.)  Plaintiff entitled this document "Violation Warning" and complained the Defendants, officers at the Alachua County Jail, attempted to rush him out of his cell when Plaintiff was asleep. Plaintiff also states the Defendants went through his property without his consent after rushing him out of his cell.  In addition to not filing his complaint on the Court's civil rights complaint form, when Plaintiff initiated this action he also failed to pay the filing

fee or file a motion to proceed *in forma pauperis*. Accordingly, on February 27, 2012, the Court entered an order directing Plaintiff to amend his complaint on the Court's Court's civil rights complaint form and either pay the $350 filing fee or file a motion to proceed *in forma pauperis* on or before March 16, 2012. (Doc. 3.) Plaintiff did not do so, which prompted the Court to enter a March 27, 2012 order to show cause instructing Plaintiff to show cause on or before April 6, 2012 as to why this case should not be dismissed for failure to obey a directive of the Court and for failure to prosecute. (Doc. 4.) To date, Plaintiff has made no attempt to comply with either of the Court's orders, nor has he filed any documents in this case since filing his initial complaint on February 23, 2012.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

As detailed above, despite the fact that the Court afforded Plaintiff several opportunities to amend his complaint and to either pay the $350 filing fee or file a motion to proceed *in forma pauperis,* Plaintiff has not done so. Indeed since February 23, 2012 Plaintiff has not filed anything on the docket or taken any action to advance this case.

## CONCLUSION

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED** that this

*Case No: 1:12-cv-44-MP-GRJ*

case be **DISMISSED** without prejudice for failure to prosecute and for failure to obey an order of this Court.

**IN CHAMBERS** in Gainesville, Florida, this 16th day of April, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

.